**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4816**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWAIN THOMAS REECE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-132)

Submitted:  August 17, 2005          Decided:  September 13, 2005

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dwain Thomas Reece appeals the fifty-four month sentence imposed after he pled guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2000). Reece does not challenge his conviction on appeal. Reece's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, yet objecting to his criminal history category under the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). Reece, by counsel, also filed a supplemental brief in which he argued that, in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), the district court erred by sentencing him under the mandatory guidelines. Because our review of the record discloses no reversible error, we affirm Reece's sentence.

Reece first contends that, under the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), the district court erroneously calculated his criminal history score, as the court had to make factual findings beyond the mere fact of conviction. In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Booker, the Supreme Court reaffirmed its holding in Apprendi. See Booker, 125 S. Ct. at 756

- 2 -

(Stevens, J., opinion of the Court). While we have recognized that not all prior convictions fall within the Apprendi exception framework, see United States v. Washington, 404 F.3d 834, 842-43 (4th Cir. 2005), because they may require attendant, impermissible fact-finding by the district court, such concerns are inapplicable in this case because none of the facts underlying the district court's assessment of Reece's criminal history points were disputed. We therefore find that the district court's assessment of criminal history points did not violate the Sixth Amendment.

Reece also maintains that even if the district court did not err in calculating his criminal history category, it erred in failing to treat the guidelines as advisory. Because this issue was not raised before the district court, we review for plain error.[1] Under this standard, although Reece is correct that the district court committed error in treating the guidelines as mandatory,[2] see Hughes, 401 F.3d at 547-48, he is not entitled to relief. We recently held that in a plain error context, the error of sentencing under the mandatory guidelines regime did not warrant a presumption of prejudice nor was it a structural error. United

---

[1]Reece maintains that this issue *was* properly preserved based on his Blakely objection that was raised before the district court. We find, however, that Reece's objection was narrowly tailored to the calculation of his criminal history category.

[2]Although Booker establishes that the district court erred by treating the guidelines as mandatory, we note that the court followed the law in effect at the time of Reece's sentencing.

- 3 -

States v. White, 405 F.3d 208, 224 (4th Cir. 2005).  As nothing in the record suggests the error affected the court's ultimate determination of Reece's sentence, Reece cannot satisfy the prejudice requirement of the plain error standard.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Reece's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED